UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOSEPH A. GELLING,

                                Petitioner,

        -against-                                                9:20-CV-1418 (LEK/ML)

MRS. TITUS,

                                Respondent.

_____

### MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On November 18, 2020, Petitioner filed a petition for habeas relief in which he alleged ineffective assistance of counsel. Dkt. No. 1 ("Petition"). On August 4, 2023, the Honorable Miroslav Lovric, United States Magistrate Judge, issued a report and recommendation recommending dismissal of the Petition. Dkt. No. 25 ("Report and Recommendation"). Petitioner has not filed an objection to the Report and Recommendation. For the reasons that follow, the Court adopts the Report and Recommendation in its entirety.

**II.    BACKGROUND**

The Court assumes familiarity with Judge Lovric's Report and Recommendation, as well as with the facts and procedural history detailed therein. See R. & R. at 2–22.

**III.    STANDARD OF REVIEW**

"Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1)(C); see also L.R. 72.1. However, if no objections are made, a district court need only review a report and

recommendation for clear error. See DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record."). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." Rivera v. Fed. Bureau of Prisons, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019) (cleaned up). Additionally, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance. See Hubbard v. Kelley, 752 F. Supp. 2d 311, 312–13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." (internal quotation marks omitted)). Upon review, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## IV.    DISCUSSION

No party objected to the Report and Recommendation "[w]ithin fourteen days after being served with a copy" of it. Id. Accordingly, the Court reviews the Report and Recommendation for clear error. Having found none, the Court approves and adopts the Report and Recommendation in its entirety.

## V.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation (Dkt. No. 25) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the Petition (Dkt. No. 1) is **DENIED**; and it is further

**ORDERED**, that no Certificate of Appealability shall issue because Petitioner has failed to make a substantial showing of the denial of a constitutional right as 28 U.S.C. § 2253(c)(2) requires; and it is further

**ORDERED**, that any further request for a Certificate of Appealability must be addressed to the Court of Appeals pursuant to Federal Rule of Appellate Procedure 22(b); and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     January 23, 2024
           Albany, New York

LAWRENCE E. KAHN
United States District Judge